UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Plaintiff,

vs.

6955 N. DURANGO TRUST,

        Defendant.

Case No. 2:17-cv-01884-JCM-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to Extend Time to Serve Defendant by Publication and Mailing (ECF No. 10), filed on December 8, 2017.

Pursuant to Fed. R. Civ. P. 4(e), the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. N.R.C.P. 4(e)(1)(i) states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999). N.R.C.P. 4(e)(1)(ii) further states that service by publication is valid for " any action which relates to, or the subject of which is, real or personal property."

This is a declaratory relief and quiet title action that deals with a non-judicial foreclosure sale of the real property located at 6955 N. Durango Dr., Unit #3028, Las Vegas, NV 89149. Specifically, Plaintiff argues that its first deed of trust was not extinguished as a result of the NRS 116 foreclosure sale of the subject property. Plaintiff argues that it has shown due diligence by making numerous attempts at service such as: (1) mailing a Notice of Lawsuit and Request to Waive

Service of Summons to the address listed on the foreclosure deed; (2) attempting service at the subject property; (3) contacting attorneys who represent other similar HOAs in quiet title lawsuits to find out if they knew of Defendant; (4) attempting service on Joseph Neyer and Keith Berberich who were listed as the owners of Defendant with Homeowner Association Services, Inc. (the agency that conducted the foreclosure sale); (5) searching internet National Databases for contact information for Neyer and Berberich; and (6) attempted to locate Defendant through Clark County real property records, Clark County voter registration, the Nevada Secretary of State, the Nevada Department of Corrections, various local utility companies and other online or internet methods. *Motion to Extend Time* (ECF No. 10), pgs 2-4.

The Court finds that Plaintiff has demonstrated due diligence in attempting service on Defendant 6955 N. Durango Trust that would warrant permitting service by publication. Moreover, the subject of this litigation is real property. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to Serve Defendant by Publication and Mailing (ECF No. 10) is **granted**. Defendant 6955 N. Durango Trust may be served by Plaintiff through publication of the summons and complaint in this case at least once a week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper of general circulation published in Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff shall deposit a copy of the summons and complaint in the post office via first class certified mail, directed to Defendant 6955 N. Durango Trust's last known physical addresses: (1) 6955 N. Durango Trust Dr., Unit #3028, Las Vegas, NV 89149; (2) 9400 Bermuda Road #269, Las Vegas, NV 89123; (3) 7605 Blackbird Ave., Las Vegas, NV 89145; (4) P.O. Box 530541, Henderson, NV 89053; (5) 2312 N. Green Valley Parkway #1925, Henderson, NV 89014; and (6) 1050 E.Cactus Ave. #2071, Las Vegas, NV 89183.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 2, 2018** to complete service upon Defendant 6955 N. Durango Trust.

DATED this 12th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge